**James Howard GORDON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17046.**

Court of Criminal Appeals of Oklahoma.

March 7, 1973.

Valdhe F. Pitman, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., and Linda Frye, Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

Appellant, James Howard Gordon, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, Case No. CRF–70-3611, for the offense of Assault with a Dangerous Weapon under 21 O.S.1971, § 645. His punishment was fixed at five (5) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

As this case requires reversal, we do not deem it necessary to recite the facts.

Defendant cites four propositions for reversal only one of which will be considered.

Defendant contends under proposition number three that the trial court erred in admitting incompetent, irrelevant, and immaterial evidence. We have carefully reviewed the record and find the following question propounded to the defendant on cross-examination by the Assistant District Attorney:

"Q. Alright sir, thats fine. Now calling your attention to the 13th day of December when you were arrested on the charge—

"A. The 13th?

"Q. Well you were arrested that day for attempted burglary?

"A. No I was not.

"BY MR. BAY: Now we object to that and move for mistrial.

"* * * Q. Now, you were arrested on the 13th day of December for attempted burglary here in Oklahoma City, now is that not correct?

"A. No sir its not man; I don't know nothing about no burglary on the 13th—and when I got back from Enid, they picked me up—and that's what they do is just harass me all the time.

"Q. Fine—have you ever been arrested for attempted burglary in Oklahoma City?

" * * * Q. You were also, were you not, arrested on the 22nd day of September for possession of stolen property and also for grand larceny in Oklahoma City?

"BY MR. BAY: May I have a continuing objection to any and all questions that have anything to do with former arrests.

" * * * Q. Now do you remember my question? On the 22nd day of September were you arrested in Oklahoma City for possession of stolen property and grand larceny, is that not correct?

" * * * Q. Well sir if I have an FBI Rap Sheet which matches your finger prints, that says you were, would that be correct?

"BY MR. BAY: I object to his inserting the matter of finger prints and rap sheets and move for a mistrial.

"BY THE COURT: Overruled; exceptions allowed.

"Q. Would this rap sheet be incorrect sir?

" * * * Q. Calling your attention to the 7th day of July, 1970, were you arrested for defrauding an innkeeper?

"A. Well sir I was arrested but I was not charged.

"Q. You were not; I see; Calling your attention to the 9th day of May, 1970, in Oklahoma City, I will ask you if you were not arrested that date for larceny of a truck—a dog?

" * * * Q. Calling your attention to the 11th day of November, or September, 1969, I will ask you if you were arrested for Assault of a Police Officer and for Resisting Arrest, and you can answer that question with a yes or no?

"A. I was arrested.

"Q. Thank you. Calling your attention to the 22nd of November, 1968, I will ask if you were arrested for Grand Larceny from a person—this man was in Seattle, Washington?

" * * * Q. So if I have an FBI Rap Sheet that by finger prints says you are the same person that was convicted and sentenced to fifteen years, that would be wrong, would it?" (Tr. 89–93)

In the case of Hutchinson v. State, Okl. Cr., 274 P.2d 74 at page 83 (1954), this Court stated:

"Any witness, and this would include the defendant, who takes the witness stand may not be asked on cross-examination as to arrests where there was no conviction. He may be asked concerning previous convictions for the purpose of affecting his credibility as a witness. Hathcox v. State, 94 Okl.Cr. 110, 230 P. 2d 927; 12 O.S.1951 § 381; Hammons v. State, 96 Okl.Cr. 326, 254 P.2d 793. It was improper for the prosecutor to inquire concerning alleged arrests and under the facts of this particular case, it was improper to attempt to bolster the State's case by flourishing before the jury a copy of what the prosecutor referred to as 'his F.B.I. record.' An inquiry as to any arrests pertained to a collateral matter and when an answer is made by the witness, the questioner is bound by the answer and he may not by way of rebuttal seek to impeach the witness on such collateral matter. Fleetwood v. State, 95 Okl.Cr. 163, 241 P.2d 962; Clark v. State, 95 Okl.Cr. 119, 239 P.2d 797."

Also, see Gable v. State, Okl.Cr., 424 P.2d 433 (1967) and Glasgow v. State, Okl.Cr., 328 P.2d 185 (1958).

Although the defendant cites no authority in support of this contention, we believe the above references to prior arrests and reference to an F.B.I. "Rap Sheet" are fundamental error and substantially prejudiced the defendant's right to a fair trial. We, therefore, reverse and remand with instruction to grant defendant a new trial. Reversed and remanded.

BRETT and BUSSEY, JJ., concur.